ANTONIA COLLADO-HEREDIA, Plaintiff and Appellant, *v.* INTESTATE SUCCESSION OF VÍCTOR HONORÉ Y GARAU, Defendant and Appellee.

No. 3942. Argued November 5, 1926.—Decided November 15, 1926.

E. *Forestier Gregory* for the appellant. *Alfredo Arnaldo Sevilla* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The judgment in this case was rendered on the pleadings and the question before this court is whether the action had prescribed at the time of the filing of the complaint.

In the complaint filed on the 11th of March, 1926, it was

alleged that the plaintiff borrowed from Víctor Honoré, the ancestor of the defendant succession, the sum of five hundred dollars, and agreed that the loan would be secured by a mortgage on a house belonging to her, worth fifteen hundred dollars; that at the time of making the deed Honoré suggested, with the consent of the plaintiff who was in difficult circumstances, that said deed should be made in the shape of an agreement of resale; that the deed so made was executed on the 9th of August, 1913; that in 1917 Honoré requested the registrar of property to make an entry of the consummation of the sale, which was done, and that he informed the plaintiff that this was done only as a way of better securing the loan; that in 1918 Honoré took possession of the house in order to rent it, charging $7.50 as interest on the loan and applying the difference as partial payments of the principal; that the house rented at $20 monthly and that Honoré and later his heirs collected about $1,920 and that therefore the defendant should reimburse the plaintiff in about $700.

The defendant demurred to the complaint on the ground that it did not state sufficient facts to constitute a cause of action, because, even admitting all the allegations contained therein, prescription had legalized the contract of 1913 consummated in 1917 by virtue of section 1268 of the Civil Code which established four years as the limitation for an action of nullity.

The court sustained the demurrer and that ruling was entered as a judgment at the request of the plaintiff in order that she might take this appeal.

The appellant contends in her brief that it is not a case of a voidable but of a void contract and therefore that the section cited does not apply. We are not of that opinion. This transaction was really a loan falsely called an agreement of resale. Both parties agreed to the simulation, with the fact that the plaintiff agreed also to the consummation

of the contract when the term expired and she was unable to repay the loan. This being the case, the contract can be termed as voidable but not void.

Furthermore, this question was definitely decided against the appellant in the case of *Molina v. Hernández*, 33 P.R.R. 176, in which the following jurisprudence was established:

"The period of limitation of an action to annul a sale with an agreement for repurchase on the ground that it was not a sale, but a mortgage loan, begins to run from the time of the expiration of the grantor's right to repurchase and not from the time the grantee recorded the sale in the registry."

In the case before us the term of four years had run, even reckoning from the record of the consummation in the registry, a date that was necessarily subsequent to the expiration of the term for the agreement to repurchase.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.